*274 OPINION.
Leeoh:
It appears that the only issue presented by the notice of deficiency and the pleadings is the deductibility of certain individual gambling losses sustained by the petitioners from their distributive shares of income from a gambling partnership, in computing the petitioners’ net income. Consequently no other issues can be considered. Popular Priced Tailoring Co. v. Commissioner, 33 Fed. (2d) 464; Elmore L. Potter, 18 B. T. A. 549.
Section 23 (g) of the Revenue Act of 1936 provides that “Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions.”
Section 181 of the Revenue Act of 1936 provides that “Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity.”
Section 182 provides that “There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year.”
Section 183 provides that “The net income of the partnership shall be computed in the same maimer and on the same basis as in the case of an individual.” *275 That the deductions sought by these petitioners are allowable within the above-cited sections has been settled by the case of Jennings v. Commissioner, 110 Fed. (2d) 945, as to which the Supreme Court has recently denied certiorari, 311 U. S. 704. See also Neuberger v. Commissioner, 311 U. S. 72. We, therefore, hold that petitioners are entitled to the contested deductions.

Decisions will te entered wader Rule 50.